IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Paul Hernandez,**

       **Plaintiff,**

v.                                                                   Case No. 17-cv-2075-JWL

**Bottling Group, LLC,**
**a/k/a Pepsi Co., Inc.,**

       **Defendant.**

## **MEMORANDUM & ORDER**

Plaintiff filed a state-court petition against defendant alleging employment-related claims including a claim for retaliatory discharge in violation of Kansas public policy. Defendant removed the case to this court and filed an answer to the petition. Three months later, defendant filed a motion to dismiss the retaliatory discharge claim for failure to state a claim upon which relief can be granted, in contravention of Rule 12(b), which requires that such motions be filed before filing an answer. Defendant's motion also asks the court to apply a dismissal standard that is no longer applicable in federal court. Defendant's standard—that dismissal is required "when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief"—is based on *Conley v. Gibson*, 355 U.S. 41 (1957) and has not applied in federal court for almost a decade. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) (*Twombly*

"retired the *Conley* no-set-of-facts test.").[1]

In lieu of filing a substantive response to the motion to dismiss, plaintiff has filed a motion for leave to file an amended complaint which, according to plaintiff, cures the deficiencies raised in defendant's motion. While the court understands that defendant might seek to oppose the motion for leave on the basis of futility, the court nonetheless grants the motion to amend and will moot the pending motion to dismiss. That approach will permit defendant, if it deems appropriate, to challenge the retaliatory discharge claim under the applicable standard and within the appropriate time frame for filing Rule 12(b)(6) motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for leave to file an amended complaint (doc. 24) is **granted** and defendant's motion to dismiss Count II of plaintiff's complaint (doc. 18) is **moot.**

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff shall file his amended complaint no later than **Wednesday, June 7, 2017.**

**IT IS SO ORDERED.**

Dated this 30th day of May, 2017, at Kansas City, Kansas.

---

[1] Normally, the court would simply construe defendant's untimely Rule 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c). The court declines to do so in this instance in light of defendant's reliance on an outdated dismissal standard.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge